FILED

2020 Sep-24  PM 12:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**JULIAN EARSKINE,**

          **Plaintiff,**

**v.**                                  **Case No.:  5:17-cv-08030-MHH**

**UNITED STATES OF AMERICA,**

          **Defendant.**

## MEMORANDUM OPINION

In this matter, plaintiff Julian Earskine seeks relief from his federal criminal conviction and sentence under 28 U.S.C. § 2255.  (Doc. 1).  Mr. Earskine contends that the Court improperly sentenced him for his conviction under 18 U.S.C. § 924(c) and that his attorney in his federal criminal case provided ineffective assistance. This opinion resolves Mr. Earskine's § 2255 motion.

### I.  BACKGROUND

On August 28, 2014, Mr. Earskine pleaded guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and to possession or use of a firearm in

furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. Doc. 13).[1]  In his plea agreement, Mr. Earskine acknowledged that the minimum statutory punishment that the Court could impose for the crime of possession or use of a firearm in furtherance of a crime of violence was seven years of imprisonment.  (Crim. Doc. 13, p. 2; *see also* Crim. Doc. 38, pp. 8-9 (Mr. Earskine's acknowledgment of potential penalties under § 924(c)(1)(A)(ii) during plea hearing)).

The Court sentenced Mr. Earskine to a term of imprisonment of 188 months as to the bank robbery conviction and a consecutive 84-month term of imprisonment as to the firearm conviction.  (Crim. Doc. 19).  Mr. Earskine appealed to the United States Court of Appeals for the Eleventh Circuit.  (Crim. Doc. 21).  On February 3, 2016, the Eleventh Circuit denied Mr. Earskine's appeal based on the appeal wavier in Mr. Earskine's plea agreement.  (Crim. Doc. 40).  Mr. Earskine filed this § 2255 motion on June 29, 2017.  (Doc. 1, p. 1).  The United States opposes Mr. Earskine's § 2255 motion.  (Doc. 5).

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2255, following conviction and sentencing, a federal prisoner may move the sentencing court "to vacate, set aside or correct the sentence"

---

[1] "Crim. Doc." refers to docket entries in Mr. Earskine's underlying criminal case, No. 5:14-cr-00079-MHH-JHE-1.

2

if "the sentence was imposed in violation of the Constitution or laws of the United States," or if "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, a federal prisoner must: (1) file a non-successive petition or obtain an order from the United States Court of Appeals for the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Att'y Gen. of Ga.*, 451 Fed. Appx. 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255 (f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition under 28 U.S.C. § 1746.

The Court interprets Mr. Earskine's arguments for relief liberally because he is proceeding without the help of an attorney in this § 2255 proceeding. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) ("Pro se filings, including those submitted [] in the present case, are entitled to liberal construction.").

3

## III.   **DISCUSSION**

The question before the Court is one of law, and the relevant facts are presented adequately in the underlying record and the parties' submissions. Therefore, a hearing is not necessary to dispose of this legal issue.[2]

The United States argues that the Court should not consider Mr. Earskine's motion because he waited too long to file it.  (Doc. 5).  Section 2255 motions are subject to a one-year statute of limitations that runs from the latest of four dates.  28 U.S.C. § 2255(f).  Two of those dates are relevant here:  the date on which Mr. Earskine's criminal judgment became final and the date on which the Supreme Court initially recognized the right asserted and made the right available to cases on collateral review.  28 U.S.C. § 2255(f)(1), (3).

The United States argues that Mr. Earskine's petition is governed by § 2255(f)(1), and the one-year limitations period was triggered on the date that his conviction became final.  Where, as here, a federal criminal defendant files a direct appeal, the defendant's conviction becomes final 90 days after his appeal is dismissed.  *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002)

---

[2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the application to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Schriro*, 550 U.S. at 474.

("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari."). Applying the 90-day rule, Mr. Earskine's conviction became final on May 3, 2016, and the limitations period under § 2255(f)(1) expired one year later on May 5, 2017. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Mr. Earskine did not file his § 2255 motion until June 29, 2017. (Doc. 1). Mr. Earskine's § 2255 motion comes almost two months too late if § 2255(f)(1) supplies the limitations trigger.

The Court liberally interprets Mr. Earskine's motion as arguing that the Court must use § 2255(f)(3) rather than § 2255(f)(1) to calculate the one-year deadline. Mr. Earskine's request for relief regarding his § 924(c) conviction and his related ineffective assistance of counsel argument rests on three opinions from the United States Supreme Court: *Johnson v. United States*, *Mathis v. United States*, and *Sessions v. Dimaya*. (Doc. 1, p. 4).[3] The Supreme Court decided *Johnson v. United States* on June 26, 2015. 576 U.S. 591 (2015). Using the *Johnson* decision as the triggering date for the one-year limitations period, Mr. Earskine would have had to file his § 2255 motion by June 2016, making his June 29, 2017 motion untimely. The Supreme Court decided *Mathis v. United States* on June 23, 2016. 136 S.Ct.

---

[3] Mr. Earskine argues that his attorney was ineffective because he "overlooked or was not aware of the law [of *Mathis*] as it applied to determining proper predicate offenses for enhancement purposes." (Doc. 1, p. 4).

2243 (2016). Using the *Matthis* decision as the triggering date for the one-year limitations period, Mr. Earskine would have had to file his § 2255 motion by June 23, 2017, making his June 29, 2017 motion untimely.

Th United States Supreme Court issued its decision in *Sessions v. Dimaya* on April 17, 2018. 138 S. Ct. 1204 (2018). As Mr. Earskine noted in his § 2255 motion, when he filed the motion, the *Dimaya* case was pending before the United States Supreme Court, and Mr. Earskine properly preserved his challenge based on *Dimaya* in his motion. (Doc. 1, p. 4). If *Dimaya* affords Mr. Earskine relief, then he would have had until 2019 to file his motion, so his motion with respect to the right that the Supreme Court identified in *Dimaya* was early, not late.

But the Supreme Court's decision in *Dimaya* does not afford Mr. Earskine relief. In *Dimaya*, the Supreme Court considered the constitutionality of 18 U.S.C. § 16(b). *Dimaya*, 138 S.Ct. at 1211 ("Section 16(b), the residual clause, is the part of the statute at issue in this case."). Section 16 "provides the federal criminal code's definition of 'crime of violence,'" and it has two parts: § 16(a) is the "elements clause," and § 16(b) is the "residual clause." *Dimaya*, 138 S.Ct. at 1211. The Supreme Court, relying on its decision in *Johnson*, concluded that the residual clause, § 16(b), "'produces more unpredictability and arbitrariness than the Due Process Clause tolerates,'" so the Supreme Court struck down the residual clause as void for vagueness. *Dimaya*, 138 S.Ct. at 1223 (quoting *Johnson v. U.S.*, 576 U.S.

6

at 597).   Because *Dimaya* dealt only with a residual clause and not an elements clause, the Court's decision in *Dimaya* has no bearing on Mr. Earskine's motion because the Court sentenced Mr. Earskine on the basis of the elements clause in § 924(c)'s definition of "crime of violence."  18 U.S.C. § 924(c)(3)(a).

In *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), the Eleventh Circuit Court of Appeals held that a federal conviction for armed robbery in violation 18 U.S.C. § 2113(a) and (d) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" such that a federal conviction for armed robbery qualifies as a crime of violence for purposes of § 924(c)(1)(A)(ii).  In *Hines*, the appellant's § 924(c) conviction "was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"  *Hines*, 824 F.3d at 1337.  Mr. Earskine's § 924(c) conviction, just like Mr. Hines's § 924(c) conviction, is explicitly based on Mr. Earskine's companion conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).   (Crim. Doc. 13).  Therefore, just as in *Hines*, Mr. Earskine's conviction for armed bank robbery meets

the requirement for an underlying violent felony offense and the sentence under §
924(c)(1)(a)(ii) is valid.[4]

## IV.   <u>CONCLUSION</u>

For the reasons above, the Court denies Mr. Earskine's motion to vacate his
sentence because his *Johnson* and *Matthis* claims are time-barred, and his *Dimaya*
claim is without merit.  The Court will enter a separate order closing the case.  The
Court directs the Clerk to please mail a copy of this opinion to Mr. Earskine.

**DONE** and **ORDERED** this September 24, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[4] Though it does not apply here, the Court notes for the sake of completeness, that in *United States
v. Davis*, 139 S. Ct. 2319 (2019), the United States Supreme Court held that the residual clause in
§ 924(c)(3)(B) is unconstitutionally vague.

8